UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**PAULA L. JONES A.K.A. "GRACE ONASIS"**                            **PLAINTIFF**

v.                                                           **CIVIL ACTION NO. 3:09CV-49-S**

**CLAUDETTE ANDERSON**                                            **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Plaintiff Paula L. Jones, A.K.A. "Grace Onasis," filed this action without the assistance of counsel. Along with her complaint, Plaintiff also filed an application to proceed without prepayment of fees. Plaintiff's application makes the requisite showing under 28 U.S.C. § 1915(a). Her application (DN 3) is, therefore, **GRANTED**.

Because Plaintiff is proceeding *in forma pauperis*, this Court is required to screen the complaint. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (referencing 28 U.S.C. § 1915(e)(2)). For the reasons set forth below, the Court will dismiss Plaintiff's complaint for lack of subject-matter jurisdiction.

**I.**

Plaintiff initiated this action by filling out a court-approved, general complaint form. In the first section of the form Plaintiff was asked to "state the grounds for filing this case in Federal Court (include federal statutes and/or U.S. Constitutional provisions if you know them)." In response, Plaintiff wrote: "That Defendant Abused [Statute of Elizabeth] That states that money cannot be embezzled or laundered from a Queen Elizabeth account. That defendant harassed and stalked Plaintiff from recovering said sums. That Defendant violated Plaintiff's International Bill of Human Rights by bringing Plaintiff into the USA dominion [illegible] political rights." In the statement-of-claim section of the complaint, Plaintiff elaborates as follows:

That Defendant harassed and stalked Plaintiff from the pursuit of life, liberty, and

happiness and on a continual basis. That Defendant violated Plaintiff's International Bill of Human Rights; [illegible] covenant on civil and political rights by making false acusations and claims about Plaintiff. That Defendant caused Plaintiff to be falsely imprisoned; religiously and politically persecuted. That Defendant caused Plaintiff [illegible] pain and suffering and deprivation for political and social and financial gain. That Defendant used a non-profit organization to kill, steal and destroy Plaintiff's life line. That Defendant's identity theft caused Plaintiff and family pain and suffering.

(DN 1). Plaintiff is seeking money damages in an unspecified amount and an injunction restraining Defendant from stalking Plaintiff and her family.

## II.

Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 540 U.S. 544, 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, it is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir.1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. "If the court determines at any time that it lacks subject-matter

3

jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III.

To establish that this Court has jurisdiction over her claims, Plaintiff must show the existence of either diversity or federal-question jurisdiction.

Under the diversity-of-citizenship statute, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states . . . . " 28 U.S.C. § 1332(a)(1). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Plaintiff neither alleges that this action exceeds $75,000, nor has she demonstrated that she and Defendant are citizens of a State other than Kentucky. Therefore, she has not established the existence of diversity jurisdiction.

Under the federal-question statute, codified at 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff broadly alleges violations of the "Statute of Elizabeth " and her "International Human Rights." She also appears to be attempting to sue Defendant for violations of the United States Constitution. The Statute of Elizabeth was enacted by the English Parliament in 1570. *See Eberhard v. Marcu*, 530 F.3d 122, 129 (2d Cir. 2008). While some states have modeled laws after the statute, neither the Statute of Elizabeth nor its state counterparts are United States federal laws. As such, they do not give way to a federal cause of action. Plaintiff has also alleged violations of her "international human rights." Standing alone, however, this is insufficient to establish federal question jurisdiction. *See Sosa v. Alvarez-Machain*, 542 U.S. 692,

734 (2004) (holding that neither the Universal Declaration of Human Rights nor the International Covenant on Civil and Political Rights create rights that are enforceable in federal court).  Finally, Plaintiff appears to assert that Defendant has denied her the life, liberty, and the pursuit of happiness guaranteed by the Fourteenth Amendment to the United States Constitution.  However, because Plaintiff has sued a private actor she has not alleged a viable claim for violations of her Fourteenth Amendment rights.  *See Town of Castle Rock v. Gonzales*, 545 U.S. 748, 755 (2005) ("The so-called 'substantive' component of the Due Process Clause does not require the State to protect the life, liberty, and property of its citizens against invasion by private actors.").

Even a liberal reading of the complaint leads this Court to conclude that Plaintiff has failed to establish this Court's jurisdiction.  Accordingly, the Court must dismiss this action for lack of subject-matter jurisdiction.  The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
4411.008